UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERYL J. KISER,

        Plaintiff,

Civil No. 07-6013-HA

ORDER

        v.

COMMISSIONER, Social Security Adminstration,

        Defendant.

HAGGERTY, Chief Judge:

        By Order issued January 26, 2007, plaintiff's Motion for Leave to Proceed *in Forma Pauperis* was granted. An Order issued on October 5, 2007, advised plaintiff that her case was submitted to a panel of volunteer attorneys for possible representation. On December 6, 2007, the law firm filed its formal Response, which declined further representation of plaintiff. Pursuant to the prior Orders of this court, plaintiff was then responsible for proceeding *pro se* in this action. Plaintiff has failed to prosecute this case in any manner.

        On September 22, 2008, plaintiff was given a final opportunity to show cause in writing, on or prior to October 3, 2008, why this case should not be dismissed for want of prosecution. *See* Order to Show Cause [24]. Plaintiff has failed to comply with this Order.

        A district court may dismiss an action for failure to comply with any order of the court.

**ORDER -- 1**

Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (district courts have an inherent power *sua sponte* to dismiss a case for lack of prosecution).

In determining whether to dismiss an action for lack of prosecution, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423.  A district court may dismiss an action due to a *pro se* party's failure to comply with the court's Orders, its Local Rules or the Federal Rules of Civil Procedure.   Accordingly, after conducting an evaluation of the factors above, this court concludes that this action must be dismissed for lack of prosecution.  In light of the extended period provided to plaintiff in the case, this dismissal must now be with prejudice.

## CONCLUSION

For the reasons provided this case is dismissed with prejudice for want of prosecution. This case is closed; any pending motions are denied as moot.

IT IS SO ORDERED.

DATED this   22   day of October, 2008.

                                                  /s/ Ancer L. Haggerty
                                                    Ancer L. Haggerty
                                          United States District Judge

ORDER -- 2